## COMMONWEALTH *vs.* HORATIO LINCOLN.

On the trial of an indictment for being a common seller of intoxicating liquors and for single unlawful sales, the district attorney was allowed, against the defendant's objection, to ask a witness who had testified to a single sale to himself, whether he had not previously said that the defendant had made three sales to him. *Held*, that subsequently abandoning the count for being a common seller took away all right of exception.

On the trial of an indictment for unlawfully selling intoxicating liquor, evidence that there were implements and materials for selling liquor in the defendant's shop is competent.

INDICTMENT on *St.* 1855, *c.* 215, containing three counts, one for being a common seller of intoxicating liquor, and the others for single unlawful sales.

At the trial in the court of common pleas before *Briggs*, J., a witness for the Commonwealth testified that he made one purchase of liquor, and no more, from the defendant within the time alleged. The district attorney then asked him if he had not within a few days told him that he had made three purchases of liquor from the defendant. The judge, against the objection of the defendant, allowed the question, because he deemed the witness to be a reluctant and unwilling one. After

the evidence was all in, the district attorney said he should not ask for a verdict on the first count, but only on the second and third counts. The defendant thereupon requested that the jury might be instructed that evidence, previously introduced, that there were implements and materials for selling liquor in the defendant's shop, was not to be considered by them in determining whether the defendant was guilty of the charges contained in those counts. But the judge refused so to do. The defendant, being convicted, alleged exceptions.

*C. I. Reed*, for the defendant. 1. The question objected to should not have been allowed to be put to the witness. *Commonwealth* v. *Starkweather*, 10 Cush. 60. *Commonwealth* v. *Welsh*, 4 Gray, 535.

2. The fact that there were in the shop materials and implements for selling liquor, though they might have tended to show that the defendant was a common seller, had no proper tendency to show that sales were made to the persons named in the second and third counts. *Commonwealth* v. *Madden*, 1 Gray, 486. *Commonwealth* v. *Harvey*, 1 Gray, 487. *Commonwealth* v. *Tuttle*, 1 Cush. 2.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

THOMAS, J. 1. The question asked the witness was, we are inclined to think, irregular. What was the answer does not appear; but it does appear that the count charging the defendant with being a common seller was abandoned, and that the question and answer could be of no moment.

2. The evidence of there being in the shop materials and implements for the sale of liquor was competent upon the charges of single sales. The question whether sale or gift might depend upon it. *Exceptions overruled.*